WILLIAM SMITH vs. ASA HUNT, JR.

Where plaintiff directed a deputy sheriff to settle an execution with defendant, by taking certain property, if he could not do any better, and saying to him, " I submit all to your judgment and management, and will abide by what you do, only do not let them deceive you," and afterwards moved to set aside the return of satisfaction on the execution, on the ground of collusion between the deputy sheriff and defendant, and that the property was valueless: *Held*, that the deputy sheriff had authority, and in the absence of fraud shown, the settlement was valid.

*Motion by plaintiff to set aside return of satisfaction on fi. fa., and for leave to issue another.*—The judgment in this cause was obtained against defendant in September, 1844, for $212·47.   Plaintiff resided at Watertown, Jefferson county; the defendant at Gouverneur in the same county, about thirty miles distant.   Execution was issued and put into the hands of Josiah Waid, deputy sheriff, residing at Gouverneur.   In November

following one Rhoades called upon plaintiff and represented to him that Hunt the defendant was probably insolvent; that Hunt owned a lot of land near Gouverneur, (about six or seven miles distant,) of about fifty-four acres, which he would probably give in payment of the judgment, and advised plaintiff to take it. Plaintiff, being ignorant of the state of his affairs, and being personally acquainted with Waid the deputy sheriff, wrote a letter to Waid giving him the information in substance he had received from Rhoades, and requested he would take the land (if he could not do any better), at the appraisal of Messrs. Dodge and Anthony, and closed by saying, " I submit all to your judgment and management, and will abide by what you do, only do not let them deceive you." Dodge and Anthony declined being appraisers; Waid and the defendant Hunt then agreed upon John Bolton and Peleg Chamberlain, who appraised the land at $4·62½ per acre. Waid declined to receive it at that price, and Hunt agreed to reduce it to $4 per acre. Waid accepted the land at that price, took a deed of it for plaintiff, discharged the execution, and so informed plaintiff. Plaintiff afterwards learned from reports that it was doubtful whether the land was of any value, more than merely nominal, and procured an investigation by individuals, who stated that they considered the land valueless, except a nominal value.

The defendant showed that land in the vicinity was sold and valued from four to six dollars per acre; that the appraisers were fair men, and understood the valuation of property in that neighborhood, one of them having been an assessor for the town.

R. W. Peckham, *Plff's Counsel.*      John Clarke, *Plff's Atty.*

J. H. Collier, *Deft's Counsel.*      Chas. Anthony, *Deft's Atty.*

Plaintiff insisted that there was collusion between Waid the deputy sheriff and Hunt the defendant, to have the property satisfy the judgment; that Rhoades, the man who called on plaintiff first in relation to it, was sent there by Waid and Hunt for that purpose, and denied that Waid had sufficient authority from plaintiff to bind him to the arrangement made.

Defendant insisted that Waid had full authority from the letter written by plaintiff to him, to make the arrangement, and that it was done in good faith.

Beardsley, Justice.—Held, that Waid's authority was sufficient to settle the judgment in that way, and there was nothing appeared in the papers to show fraud in the transaction. Motion denied, with costs.